IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

VOICEFILL, LLC,

        Plaintiff,

    v.

WEST INTERACTIVE CORPORATION,
WEST DIRECT, LLC, WEST DIRECT II
INC., and WEST CORPORATION,

        Defendants.

No. 8:11-cv-421-JMG-CRZ

**PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters the following Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order"):

1. <u>**PURPOSES AND LIMITATIONS**</u>

(a)      Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)      The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2.   **DEFINITIONS**

(a)      "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, electronically stored information, testimony, transcripts, and tangible things) that are produced, disclosed, or generated in connection with discovery in this case.

(b)      "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party, (ii) partners and associates of such counsel to whom it is reasonably necessary to disclose the information for this litigation, and (iii) outside, independent attorneys contracted to provide legal advice to a Party in connection with this action.

(c)      "Patent-in-Suit" means United States Patent No. 6,738,740 and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals (including, but not limited to, U.S. Patent Application Serial Nos. 60/208,373; 09/828,087; 10/814,905; 11/974,105; and 12/617,584).

(d)      "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(e)      "Producing Party" means any Party or non-party entity that discloses or produces any Discovery Material in this case.

(f)      "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE," as provided for in this Order.  Protected Material shall not include: (i) any information that at the time of its disclosure is in the public domain or public knowledge by reason of prior publication or otherwise; (ii) any information that after its disclosure in this action has become part of the public domain or public knowledge by reason of prior publication or otherwise through no act,

omission, or fault of the Receiving Party; (iii) advertising materials that have been actually published or publicly disseminated; and (iv) materials that show on their face they have been disseminated to the public.

(g)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h)     "Source Code" means computer code, program instructions, formulas or algorithms designed to be compiled, interpreted, or assembled into object code or executable programs.

## 3.  SCOPE

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Discovery Material to an individual who prepared the Discovery Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or

additional protection of any Discovery Material or to modify this Order in any way, including,

without limitation, an order that certain matter not be produced at all.

## 4.   DURATION

Even after the termination of this case, the confidentiality obligations imposed by this

Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order

otherwise directs.

## 5.   ACCESS TO AND USE OF PROTECTED MATERIAL

(a)     Basic Principles.  All Protected Material shall be used solely for this case or any

related appellate proceeding, and not for any other purpose whatsoever, including without

limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue

proceedings, or any business or competitive purpose or function.  Protected Material shall not be

distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)     Patent Prosecution Bar.  Notwithstanding any other provision of this Protective

Order, any Protected Material produced shall not be disclosed to any person who is involved,

directly or indirectly, in: (i) any *ex parte* or *inter partes* proceedings before the United States

Patent and Trademark Office ("PTO") or any foreign or domestic agency responsible for issuing

patents; or (ii) consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent

applications, specifications, claims, and/or responses to office actions, or otherwise affecting the

disclosure in patent applications or specifications or the scope of claims in patents or patent

applications.  Such bar shall only apply to patents and patent applications related to the Patent-in-

Suit (including, but not limited to, continuations, continuations in part, divisionals, or any

application claiming priority to the Patent-in-Suit or any patent related to the Patent-in-Suit), or

patents and patent applications relating to the functionality, operation, and design of speech recognition systems and/or any feature, functionality, operation, design or technology used in the products accused of patent infringement in the above-captioned case and shall apply during the pendency thereof and for a period of two years thereafter.  Such bar does not prevent Outside Counsel who have received Protected Material from advising counsel prosecuting any reexamination or reissue of a Patent-in-Suit initiated by, or for the benefit, or on behalf of an opposing party in this case before the U.S. Patent and Trademark Office or foreign agencies, and proceedings.  Such Outside Counsel's participation in reexamination or reissue proceeding(s) is expressly conditioned on his/her/its legal obligation, established by Order of the Court, not to use in any way an opposing party's Protected Material to draft new claims, or to amend previously existing claims through the reexamination or reissue process.  Notwithstanding the foregoing, this patent prosecution bar shall not apply to individuals who have received only documents designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" that the Parties agree in writing contain information of a purely financial and/or sales nature or documents and/or materials disclosed pursuant to Federal Rules of Evidence 408.

      (c)    <u>Secure Storage</u>.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      (d)    <u>Legal Advice Based on Protected Material</u>.  Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(e)     <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to Order of the Court.

## 6.   **DESIGNATED PROTECTED MATERIAL**

(a)     <u>Available Designations</u>.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE."

(b)     <u>Written Discovery and Documents and Tangible Things</u>.  Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 6(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the original

documents shall be presumed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" during the inspection and re-designated, as appropriate, during the copying process.

(c)     Depositions and Testimony.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the Parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's

counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

7. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)     The Receiving Party's Outside Counsel;

(ii)     Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)     Electronic discovery consultants and jury consultants selected by counsel in preparation for trial;

(iv)     In-house counsel and not more than two (2) representatives of the Receiving Party who are officers or employees of the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that: (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 11 below;

(v)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the

8

Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current

officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time

of retention to become an officer, director or employee of a Party or of a competitor of a Party;

and (c) no unresolved objections to such disclosure exist after proper notice has been given to all

Parties as set forth in Paragraph 11 below;

(vi)     Court reporters, stenographers and videographers retained to record

testimony taken in this action;

(vii)     The Court, jury, and court personnel;

(viii)     Graphics, translation, design, and/or trial consulting services, having first

agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(ix)     Witnesses for the Producing Party who are being examined on the subject

of the document;

(x)     Authors and recipients (as identified on the document) of such designated

material;

(xi)     Any mediator who is assigned to hear this matter, and his or her staff,

subject to their agreement to maintain confidentiality to the same degree as required by this

Protective Order; and

(xii)     Any other person with the prior written consent of the Producing Party.

**8.     DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL –
       OUTSIDE COUNSEL ONLY"**

(a)     A Producing Party may designate Discovery Material as "HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL ONLY" if it contains or reflects information that is

extremely confidential and/or sensitive in nature and the Producing Party reasonably believes

that the disclosure of such Discovery Material is likely to cause economic harm or significant

competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, licensing materials, sales or marketing strategy, product development information, engineering documents including, but not limited to, design documents and schematics, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" may be disclosed only to:

(i)     The Receiving Party's Outside Counsel, except that unless otherwise agreed no Outside Counsel who is involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), shall have access to Discovery Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY";

(ii)     Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a

competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper

notice has been given to all Parties as set forth in Paragraph 11 below;

(iv)     Witnesses for the Producing Party who are being examined on the subject

of the document;

(v)     Authors and recipients (as identified on the document) of such designated

material;

(vi)     Court reporters, stenographers and videographers retained to record

testimony taken in this action;

(vii)     The Court, jury, and court personnel;

(viii)     Graphics, translation, design, and/or trial consulting services, having first

agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(ix)     Any mediator who is assigned to hear this matter, and his or her staff,

subject to their agreement to maintain confidentiality to the same degree as required by this

Protective Order; and

(x)     Any other person with the prior written consent of the Producing Party.

9.  **DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL –**
    **OUTSIDE COUNSEL ONLY – SOURCE CODE"**

(a)     To the extent production of Source Code becomes necessary to the prosecution or

defense of the case, a Producing Party may designate Source Code as "HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE" if it comprises or

includes confidential, proprietary, and/or trade secret Source Code.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as

"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE" shall be

subject to the provisions set forth in Paragraph 10 below, and may be disclosed, subject to Paragraph 10 below, solely to:

(i)     The Receiving Party's Outside Counsel, except that unless otherwise agreed no Outside Counsel who is involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), shall have access to Discovery Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE";

(ii)    Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)   Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 11 below;

(iv)    Witnesses for the Producing Party who are being examined on the subject of the document;

(v)     Authors and recipients (as identified on the document) of such designated material;

(vi)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(vii)    The Court, jury, and court personnel;

(viii)   Graphics, translation, trial preparation and/or design services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(ix)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(x)      Any other person with the prior written consent of the Producing Party.

## 10.   DISCLOSURE AND REVIEW OF SOURCE CODE

(a)      Any Source Code that is produced by Plaintiff shall be made available for inspection in electronic format at the offices of its outside counsel, Hotz, Weaver, Flood, Breitkruitz & Grant or Stevens Love, or any other location mutually agreed by the Parties.  Any Source Code that is produced by Defendants will be made available for inspection at the offices of its outside counsel, Skiermont Puckett LLP or Erickson | Sederstrom, P.C., or any other location mutually agreed by the Parties.  Source Code will be made available for inspection between the hours of 8 a.m. and 6 p.m. on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating requests to conduct inspections at other times.

(b)      Prior to the first inspection of any requested Source Code, the Receiving Party shall provide fourteen (14) days notice of the Source Code that it wishes to inspect.  The Receiving Party shall provide seven (7) days notice prior to any additional inspections.

(c)     Source Code that is designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room").  The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business.  The Producing Party shall also make available a monitor for reviewing the Source Code of at least 23 inches.  The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party does not unreasonably object to such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least seven (7) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(ii)       Prior to the first inspection of any request to review Source Code, the Producing Party shall provide a directory listing of the Source Code stored on the Source Code Computer.  This directory listing, which shall be provided in electronic form, will list the name and location of every file for the Source Code stored on the Source Code Computer and shall be designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE. The Producing Party will also provide sufficient information to identify the software development tools used to create the Source Code stored on the Source Code Computer.

(iii)      No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, PDAs, mp3 players, iPhones, iPads, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(iv)      The Producing Party shall make available within close proximity of the secure room a location with Internet access where the Receiving Party may make use of electronic devices including without limitation computers, cellular telephones, and PDAs.

(v)       The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

(vi)      The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

(vii)     The Producing Party shall make available a printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code.  The

Receiving Party may print portions of the Source Code when necessary to prepare court filings

or pleadings or other papers (including a testifying expert's expert report) and for use within

depositions.  Upon printing any such portions of Source Code, the printed pages shall be

collected by the Producing Party.  The Producing Party shall Bates number, copy, and label

"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE" any pages

printed by the Receiving Party.  Within five (5) days, the Producing Party shall either (i) provide

two (2) copy sets of such pages to the Receiving Party or (ii) inform the Receiving Party that it

objects that the printed portions are excessive and/or not done for a permitted purpose.  If the

Producing Party objects that the printed portions are not reasonably necessary to any case

preparation activity, the Producing Party shall furnish one (1) copy of the printed Source Code to

the Receiving Party along with such Producing Party's objection.  If after meeting and conferring

the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party

shall be entitled to seek the Court's resolution of whether the printed HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE in question is not

reasonably necessary to any case preparation activity.  Any such court resolution must be sought

no later than seven (7) business days after such objection is made.  In the event an objection is

made, the Producing Party shall provide two (2) copy sets of such pages to the Receiving Party

within five (5) business days of resolution of the objection by the Court in the Receiving Party's

favor, and shall retain one (1) copy set.  The printed pages shall constitute part of the HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE produced by the

Producing Party in this action.

(viii)     Unless otherwise agreed in advance by the Parties in writing, following

each day on which inspection is done under this Order, the Receiving Party's outside counsel

and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room.  The Producing Party shall not be responsible for any items left in the room following each inspection session.

(ix)     Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(x)     The Receiving Party's outside counsel of record may make no more than five (5) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 10(c)(vii), not including copies attached to court filings or used at depositions.

(xi)     The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

(xii)     The Producing Party shall make a computer with a searchable version of the produced Source Code available at any deposition related to the produced Source Code.  The Receiving Party who wishes to make use of a searchable copy of the Source Code at a deposition shall notify the Producing Party fourteen (14) days in advance of the deposition that they intend to make use of the Source Code.  The Receiving Party may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer,

17

provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party does not unreasonably object to such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least seven (7) days in advance of the deposition.

## 11.  <u>NOTICE OF DISCLOSURE</u>

 (a) Prior to disclosing any Protected Material to any person described in Paragraphs 7(b)(iv), 7(b)(v), 8(b)(iii), or 9(b)(iii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes: (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all of the Person's past or current employment or consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person; (iv) an up-to-date curriculum vitae of the Person; and (v) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.  The Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.

 (b) Within ten (10) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the ten (10) day period, the Person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this ten (10) day period.  If the Producing Party objects to disclosure to the Person

18

within such ten (10) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and the Party seeking to disclose shall serve it on all Parties.

(e)     An initial failure to object to a Person under this Paragraph 11 shall not preclude the nonobjecting Party from later objecting to continued access by that Person for good cause.  If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection. If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7)

business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

## 12.   **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)      A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)      Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)      The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)      Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information; and

(iii)      Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following

occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

**13.   SUBPOENAS OR COURT ORDERS**

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

**14.   FILING PROTECTED MATERIAL**

(a)     Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record any Protected Material.

(b)     Any Receiving Party is authorized under Local Rule 7.5 to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.  Nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

**15.   INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for

return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return or delete, in the case of electronic materials, such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

## 16.   <u>INADVERTENT FAILURE TO DESIGNATE PROPERLY</u>

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate.  The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall destroy all Discovery Material that was not designated properly.

(b)      A Receiving Party shall not be in breach of this Order for any use of such

Discovery Material before the Receiving Party receives the Protected Material with the correct

confidentiality designation, unless an objectively reasonable person would have realized that the

Discovery Material should have been appropriately designated with a confidentiality designation

under this Order.  Once a Receiving Party has received the Protected Material with the correct

confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to

the exception in Paragraph 16(c) below) at the appropriately designated level pursuant to the

terms of this Order.

(c)      Protected Material produced without the designation of "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL

– OUTSIDE COUNSEL ONLY – SOURCE CODE" may be so designated subsequent to

production when the Producing Party failed to make such designation at the time of production

through inadvertence or error.  If Discovery Material is designated subsequent to production, the

Receiving Party promptly shall collect any copies that have been provided to individuals so that

they can be re-labeled with the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE

COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY –

SOURCE CODE" designation.  Notwithstanding the above, such subsequent designation of

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or

"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE" shall apply

on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL

– OUTSIDE COUNSEL ONLY – SOURCE CODE" materials while the materials were not

marked "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph 5(a).

**17.   INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)      In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)      Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

**18.   FINAL DISPOSITION**

(a)      Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Discovery Material, at the option of the Producing Party.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)      All Parties that have received any such Discovery Material shall confirm in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material,

outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes.

19.  **MISCELLANEOUS**

(a)  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)  <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)  <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)   <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)   <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.  The United States District Court for the District of Nebraska is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the District of Nebraska.

(g)   <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Nebraska, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Nebraska, or the Court's own orders.

(h)   <u>Third Parties</u>.  Third parties may produce documents and/or other things and may disclose information pursuant to the terms of this Order.  Such third parties shall be entitled to the remedies and relief provided by this Order.  This Order is without prejudice to the right of any Party or third party to seek relief from the Court, upon good cause shown, from any of the provisions hereof.

(i)      <u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

SO ORDERED this 17th day of July, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

VOICEFILL, LLC,

       Plaintiff,

    v.

WEST INTERACTIVE CORPORATION,
WEST DIRECT, LLC, WEST DIRECT II
INC., and WEST CORPORATION,

      Defendants.

No. 8:11-cv-421-JMG-CRZ

**EXHIBIT A TO PROTECTIVE ORDER**

I, _____, acknowledge and

declare that I have received a copy of the Protective Order ("Order") in *VoiceFill, LLC v. West*

*Interactive Corporation, et al.*, United States District Court, District of Nebraska, Civil Action

No. 8:11-cv-421-JMG-CRZ.  Having read and understood the terms of the Order, I agree to be

bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of

any proceeding to enforce the terms of the Order.

      Name of individual: _____

      Name of company or firm: _____

      Present occupation/job description: _____

      _____

      _____

      Address: _____

Dated: _____

                                    _____
                                      [Signature]